**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No.  10-cv-03016-REB-MJW

MARLA D. SNEED,

     Plaintiff,
v.

PNC BANK, NATIONAL ASSOCIATION, et al

     Defendants.

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

**Blackburn, J.**

This matter is before me on the plaintiff's filing [#3][1] filed December 14, 2010. The plaintiff requests relief in the nature of a temporary restraining order; thus, I read the plaintiff's filing [#3] as a motion for a temporary restraining order.  I deny the plaintiff's motion.

Because the plaintiff is proceeding pro se, I have construed her motion and the related filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. ***See Erickson v. Pardus***, 551 U.S. 89, 94 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991)  (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21 (1972)).

The plaintiff seeks an order restraining a foreclosure sale scheduled to occur at some unspecified time on December 29, 2010.  In her complaint [#1] the plaintiff alleges that the defendants improperly are foreclosing on her house. In a previous order [#21], I

---

[1] "[#3]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

denied a similar request [#6] filed by the plaintiff. On the same basis, I deny the plaintiff's motion docketed as [#3].

A temporary restraining order is extraordinary relief. A party seeking a temporary restraining order must show: (1) a substantial likelihood that the movant will prevail eventually on the merits; (2) that the movant will suffer imminent and irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; (4) that the injunction, if issued, would not be adverse to the public interest. ***Lundgrin v. Claytor***, 619 F.2d 61, 63 (10th Cir. 1980); ***Heideman v. S. Salt Lake City***, 348 F.3d 1182, 1189 (10th Cir. 2003) (irreparable injury must be imminent). In addition to the foregoing factors, a party seeking a temporary restraining order also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order. FED. R. CIV. P. 65(b).

Even with the benefit of the munificent perspective afforded to *pro se* parties, I find and conclude that the plaintiff has not demonstrated with specific factual allegations (1) that she enjoys a substantial likelihood that she will prevail eventually on the merits; (2) that she will suffer imminent and irreparable injury unless the temporary restraining order issues; and (3) that the temporary restraining order, if issued, would not be adverse to the public interest.

**THEREFORE, IT IS ORDERED** that the plaintiff's motion for temporary restraining order [#3] is **DENIED**.

Dated March 14, 2011, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge